**FENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondents.**

**No. 05–3858–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Reginald I. Lloyd, United States Attorney, Jennifer Aldrich, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Feng Lin, through counsel, petitions for review of the BIA decision summarily affirming Immigration Judge ("IJ") George T. Chew's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

In the instant case, we conclude that the record does not support the IJ's adverse credibility finding. The IJ based her finding, in part, on Petitioner's meandering and confused answers. But while the IJ stated that Lin was "not responsive at all" regarding the timing of his wife's scheduled visits to the planning office for examination, the record suggests that Lin attempted to respond in a situation of severe language difficulties. The IJ also relied on a supposed discrepancy between the date that Petitioner gave and the date his wife mentioned in her letter with respect to her first abortion. We believe, however, that the two sources of testimony may in fact have been consistent and that

any alleged difference is sufficiently minor that it does not undercut Lin's basic claim that his wife suffered a forced abortion after returning to her hometown in October 1994. The IJ additionally cited an inconsistency with respect to the date on which Petitioner discovered his wife's second pregnancy. Lin sought to explain this apparent inconsistency in his testimony. The IJ did not need to accept his explanation, of course, but this inconsistency is at best peripheral and can only bear a limited weight in a general credibility finding.

Most significantly, the IJ made no finding as to Petitioner's claim that his wife again became pregnant and suffered a forced abortion in 2001. The IJ merely stated Lin's untraversed assertion that in 2001 "his wife became pregnant" and "then she was, again, aborted." This second, allegedly forced abortion is enough to establish past persecution, and the record does not, at this time, support an adverse credibility finding sufficiently broad to negate this basis for relief.

For the foregoing reasons, the petition for review is GRANTED, the final order of removal is VACATED, and the case is REMANDED to the Board for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.